# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL PAUL PUZEY,**

    Petitioner,

v.                                                                                    Civil Action No. 3:15cv67
                                                                                    (Groh)

**WARDEN FCC ALLENWOOD,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 4, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. On December 16, 2014, Petitioner paid the $5.00 filing fee. On June 2, 2015, the United States District Court for the Middle District of Pennsylvania transferred the case to this Court for consideration under 28 U.S.C. § 2255. When Petition initiated this action, he was housed at FCC Allenwood which is located in White Deer, Pennsylvania. He is currently located at FCI Beaumont which is located in Beaumont, Texas. Petitioner is challenging the validity of his conviction in this district for violation of 18 U.S.C. § 924(c). This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS

On December 5, 2000, Petitioner was indicted on eight counts in a sixty-five count indictment involving twenty-six defendants. See 3:00cr57. On December 7, 2000, Petitioner was indicted in a one count indictment involving two defendants. See 3:00cr64. Following a jury trial, Petitioner was found guilty of conspiracy to distribute crack cocaine, four counts of distribution of crack cocaine

in case 3:00cr67,[1] and use of a firearm during and in relation to a drug trafficking offense in case 3:00cr64.[2] On October 29, 2001, the Court sentenced Petitioner to life imprisonment on the conspiracy count, 240 months on three of the distribution counts, 480 months on the fourth distribution count and a consecutive five-year sentence on the firearm count.

Petitioner appealed to the Fourth Circuit and argued that this Court erred in instructing the jury regarding his conspiracy liability under the Pinkerton doctrine; the Court failed to require the jury to determine the exact drug amounts attributable to him; the Court erred in denying his motion for judgment of acquittal on the conspiracy charge because the evidence was insufficient to support his conviction; the Court erred in enhancing his sentence for his role in the offense; the Court erred in applying the two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice because the sentencing guidelines are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. (2000); and the Court erred in denying his motion to produce witnesses at his sentencing hearing.

The Fourth Circuit Court of Appeals found no error and affirmed Petitioner's conviction and sentence. See United States v. Puzey, 73 Fed. Appx. 549, 2003 WL 21905975 (4th Cir. 2003). Petitioner then filed a petition for writ of certiorari which was denied on December 15, 2003.

On July 26, 2014, Petitioner filed his first motion to vacate. In that motion, Petitioner raised the following grounds:

1. Apprendi error issues, total drug quantity was not submitted to a jury and

---

[1] More specifically, Petitioner was found guilty of Count One, Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1); as well as Count thirty-eight, Distribution of Less than 5 Grams of Cocaine Base; Count forty-four, Distribution of .86 Gram of Cocaine Base; and Count fifty-four, Distribution of 5 or more grams of Cocaine Base, all in violation of 21 U.S.C. § 841(a)(1).

[2] 18 U.S.C. § 924(c)(1)(A)(I).

found beyond a reasonable doubt.

    2. Government's improper use of U.S.S.G. § 5G1.2(d) "stacking." This allowed the Government to utilize an end-run around Apprendi.

    3. Whether "total punishment" is the "minimum sentence in the guideline range for the total offense level-all counts." District Court erred by imposing a life sentence on Puzey, because where no drug amount found by the jury beyond a reasonable doubt, the statutory maximum sentence that could be imposed was only 10 years, therefore, even under the doctrine of stacking the District Court could only re-sentence Puzey to a maximum of 40 years, and even then only if those five applicable 10 years sentences were imposed consecutively, which they weren't.

    4. Sixth Amendment to the Federal Constitution did not permit defendants to receive a penalty greater than they would receive under the facts reflected in a jury's verdict even if the judge's findings were characterized as sentencing factors.

After the issues had been fully briefed, a Report and Recommendation ("R&R") was issued recommending that Petitioner's § 2255 motion be dismissed on the merits. On October 24, 2005, the R&R was adopted by the District Judge, and Petitioner's § 2255 motion was denied and dismissed. Petitioner's appeal of that decision was dismissed by the Forth Circuit Court of Appeals on May 4, 2006.

On March 10, 2014, Petitioner filed a second § 2255 motion in which he raised the following grounds for relief:

    1. Specific elements of 21 U.S.C. 841(b)(1)A) and (b)(1)(B) Drug type and Quantity were never charged, never submitted to the jury, and never proven beyond a reasonable doubt, in violation of Petitioner's 5th and 6th amendment rights.
    2. Leader or/Organizer and obstruction of justice are elements that were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th amendment rights.
    3. Elements of 21 U.S.C. 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity is omitted from the jury instructions and received life sentence in excess of sentence to when specific drug type and quantity are omitted from jury instructions in violation of Petitioner's 5th and 6th amendment rights.
    4. Elements of 21 U.S.C. 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity of 1.5 kg were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th

amendment rights.

In support of his second § 2255 motion, petitioner argued that Alleyne v. United States, 133 S.Ct. 2151 (2013), is a new rule that dictates his right to appeal for relief in this court under § 2255(f)(30 and/or (4), and he filed within the one-year limitations of the Supreme Court ruling on June 17, 2013. Accordingly, Petitioner maintained that due to the intervening change of law, and his filing within the one year of said change, his motion was timely filed.

On March 28, 2014, the Magistrate Judge entered a R&R recommending that the petition be denied and dismissed with prejudice as an unauthorized second or successive petition. On April 30, 2014, the Court adopted the R&R and denied and dismissed petitioner's § 2255 motion with prejudice. On June 27, 2014, Petitioner filed a motion to amend his § 2255 Motion. On July 25, 2014, the Court entered an order denying Petitioner's Motion to Amend. On August 6, 2014, petitioner filed a Notice of Appeal as to the Court's order denying his Motion to Amend. In addition, Petitioner appealed the Court's decision denying and dismissing his § 2255 Motion. The Fourth Circuit denied his Appeals.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal

4

pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. ANALYSIS

As previously noted, Petitioner initiated this action as a § 2241 petition in the Middle District of Pennsylvania, the district in which he was incarcerated at the time. Despite the history recited above, including a direct appeal and two § 2255 motions, Petitioner contended in his § 2241 petition that he had never challenged his conviction and sentence either on direct appeal or through a motion to correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Middle District of Pennsylvania, determined that Petitioner had not demonstrated that a motion under § 2255 would be ineffective or inadequate within the narrow exceptions outlined by the Third Circuit. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Therefore, the Middle District of Pennsylvania transferred the matter to this Court for consideration under § 2255.

However, recharacterizing the petition as a motion pursuant to 28 U.S.C. § 2255 would not allow this court to reach the merits of the petition. Petitioner has already filed not one, but two motions under § 2255. Pursuant to 28 U.S.C. § 2244(b)(3)(A), [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. " This court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Petitioner's application for a writ of habeas corpus pursuant to § 2255, nor does it

5

appear that Petitioner has moved for such an Order. Moreover, the undersigned finds that it would not be in the interest of justice to retransfer the petition to the Middle District of Pennsylvania because it appears that it has made an examination of the petition as a § 2241 and found that it was subject to dismissal.

The undersigned recognizes that Petitioner has filed a "motion to Supplement Pleadings in the Above Caption Case." ECF No. 10. In it, Petitioner seeks relief pursuant to a writ of error *coram nobis*.

At common law, the writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases. Although the use of the writ was suspended in civil cases pursuant to Fed.R.Civ.P. 60(b), it survived in the criminal context. See United States v. Morgan, 346 U.S. 502, 506 (1954), in which the Supreme Court held in that context that federal courts retained power to issue the writ, under certain circumstances, pursuant to the All Writs Act, 28 U.S.C. § 1651.

*Coram nobis* is an extraordinary writ, used only to review errors rendering the proceedings themselves invalid. See Blaton v. United States, 94 F.3d 227, 230 (6th Cir. 1996). To obtain *coram nobis* relief, the petitioner must demonstrate the following four requirements: (1) A more usual remedy is unavailable; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient so that a case or controversy exists; and (4) the error is of the most fundamental character." Scates v. United States, 914 F.2d 249 (4th Cir.1990), cert. denied, 500 U.S. 919, (1991)(citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987)). In addition, the writ of *coram nobis* is available only "when a § 2255 motion is

6

unavailable-generally, when the petitioner has served his sentence completely and is no longer 'in custody' as required for § 2255 relief. Id.

In the instant matter, although § 2255 relief is no longer available to him absent permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255, Petitioner remains a prisoner in federal custody. A prisoner in custody is barred from seeking writ of error *coram nobis*. See United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)(holding that *coram nobis* relief is not available to a prisoner in custody); United States v. Bush, 888 F2d 1145, 1147 (7th Cir. 1989)(same); United States v. Little, 608 F.2d 296, 299 n.5 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089 )1980)("*Coram nobis* lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack"); United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969)(holding *coram nobis* relief unavailable to prisoner in custody), *cert. denied*, 397 U.S. 947 (1970); Parker v. U.S., 2010 WL 117743 (United States District Court, D. Maryland Jan. 7, 2010)(a writ of error *coram nobis* will be granted to vacate a sentence only after the sentence has been served. It is not available to a petitioner in federal custody on the sentence under attack); Cintron v. U.S., 2009 WL 6613207 (United States District Court, N.D.W Va. Oct. 2, 2009)(*coram nobis* relief is only available when the petitioner is no longer in custody). Accordingly, Petitioner's request to review his 18 U.S.C. § 924(c) conviction pursuant to 28 U.S.C. § 1651(a) should be denied.

## IV. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that this matter be dismissed and stricken from the active docket of the Court because: (1) the Court lacks jurisdiction to consider this matter under 28 U.S.C. § 2255 and (2) Petitioner remains in custody and, therefore, is not entitled

to bring a writ of error *coram nobis*. The undersigned further recommends that Petitioner's Motion to Supplement Pleadings [ECF No. 10] and Motion to Expedite [ECF No. 16] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 23, 2015

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE