IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL PAUL PUZEY,**

    Petitioner,

v.                                                                           **CIVIL ACTION NO.: 3:15-CV-67
(GROH)**

**WARDEN FCC ALLENWOOD,**

    Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull issued his R&R [ECF No. 17] on September 23, 2015. In the R&R, the magistrate judge recommends that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour,

889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On October 14, 2015, the Court granted the Petitioner's motion to extend the objections deadline. Subsequently, the Petitioner timely filed his objections to the R&R, which were received by the Court on October 22, 2015.

## I. Background

The Petitioner's claims relate to a judgment and sentence imposed by the United States District Court for the Northern District of West Virginia on October 22, 2001, after a jury found the Petitioner guilty on multiple counts charged in two separate criminal actions. The Petitioner was convicted on five Counts in Criminal Action Number 3:00-CR-57. On Count 1 (conspiracy to distribute cocaine base), the Petitioner was sentenced to life imprisonment. On Counts 38, 44 and 54 (distribution of varying amounts of cocaine base), the Petitioner received concurrent sentences of 240 months' imprisonment. On Count 55 (distribution of over 5 grams of cocaine base), the Petitioner was sentenced to a concurrent sentence of 480 months' imprisonment. As part of the same judgment, pursuant to an offense alleged in Criminal Action Number 3:00-CR-64, the Petitioner was convicted of the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and was sentenced to a consecutive 60-month term of imprisonment.

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the Petitioner's conviction and sentence. United States v. Puzey, 73 F. App'x 549, 554 (4th Cir. 2003) (per curiam) (unpublished). Subsequently, the Petitioner filed a petition for writ of

certiorari with the Supreme Court, which was denied on December 15, 2003. The Petitioner filed his first motion to vacate his conviction and sentence under 28 U.S.C. § 2255 on July 26, 2004. The Court entered an order denying that motion on October 24, 2005, and the Fourth Circuit dismissed his appeal on May 4, 2006. The Petitioner filed another § 2255 motion on March 10, 2014. This Court denied his § 2255 motion and thereafter denied his motions to amend and for reconsideration. The Petitioner filed multiple appeals from those denials, each of which the Fourth Circuit dismissed.

The Petitioner originally filed the instant 28 U.S.C. § 2241 petition on December 4, 2014, in the United States District Court for the Middle District of Pennsylvania.[1] In his petition, the Petitioner argued that, pursuant to the United States Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), the Petitioner was actually innocent of the offense charged in Criminal Action No. 3:00-CR-64, the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Notably, in his answers to the questions contained in the form § 2241 petition, the Petitioner indicated that he had never appealed his conviction or filed a prior motion under 28 U.S.C. § 2255.

The United States District Court for the Middle District of Pennsylvania found that the Petitioner's habeas petition was "not appropriately brought" as a 28 U.S.C. § 2241 petition, and instead necessitated transfer to the Petitioner's sentencing court "for consideration as a motion to correct sentence under 28 U.S.C. § 2255." "In sum," the district court held, "Puzey invites this Court under the guise of a habeas petition to do something which the sentencing court should do in the first instance, that is, consider

---

[1] When he filed his petition, the Petitioner was incarcerated at United States Penitentiary, Allenwood, in Pennsylvania. He has since been transferred to a federal facility in Beaumont, Texas.

setting . . . aside his conviction and sentence." The district court thoroughly considered and rejected outright the argument that 28 U.S.C. § 2255 provided an ineffective or inadequate remedy, finding that "the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate." Accordingly, upon finding that the instant petition is better seen as a motion to vacate under 28 U.S.C. § 2255 and should have been filed in the Petitioner's sentencing court, the district court transferred the matter to this Court.

Shortly after the above-styled action was opened in this district, the Petitioner filed a motion to supplement the pleadings, wherein he posited that "a grant of a writ of error coram nobis may be appropriate" under the circumstances presented by his petition. While his petition was under consideration, the Petitioner submitted additional filings, including a motion to expedite the proceedings and a notice of his intent to seek a writ of mandamus.

On September 23, 2015, Magistrate Judge Kaull issued his R&R. Upon reviewing the petition, together with the procedural and factual history of the Petitioner's case, the magistrate judge concluded that the instant petition must be dismissed. As the district court in the Middle District of Pennsylvania had already conducted a thorough review of the argument that § 2241 provided an appropriate avenue for relief because § 2255 posed an inadequate or ineffective remedy, the magistrate judge did not revisit that issue. Instead, as directed by the district court in the Middle District of Pennsylvania, the magistrate judge reviewed the instant petition as a motion filed under § 2255. Of course, contrary to the representations the Petitioner made to the Middle District of Pennsylvania, he has filed other § 2255 motions in the past. His first motion was denied on the merits in 2005. His

4

next motion was dismissed as second or successive. Therefore, as the Petitioner has once again failed to obtain an order from the Fourth Circuit authorizing him to proceed with a second or successive motion, the magistrate judge recommended that the instant petition be dismissed. As to the Petitioner's claim that a writ of error coram nobis should issue, the magistrate judge found that the Petitioner is not entitled to any such relief, in part because a prisoner who remains in custody—like the Petitioner—is barred from seeking a writ of error coram nobis.

## II. Discussion

In his objections to the R&R, the Petitioner contends that his claim of actual innocence entitles him to relief regardless of the successive nature of his petition. Additionally, he asserts that he cannot be considered "in custody" in relation to the offense charged in 3:00-CR-64, because the sentence imposed in that criminal action was ordered to run consecutive to the life sentence imposed in 3:00-CR-57. As the Petitioner timely filed his objections to the R&R, this matter is now ripe for disposition.

Pursuant to 28 U.S.C. § 2255(h), a second or successive motion must be certified, as provided in 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244(b)(3)(A) provides that, ["b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."

In his recent filings in this district, the Petitioner does not dispute that he has previously filed a § 2255 motion that was decided on the merits. Instead, he argues that his § 2241 petition was appropriately filed because § 2255 provides an inadequate or ineffective remedy. He maintains that he has met the "savings clause" of 28 U.S.C. § 2255(e) under the requirements of that provision and of In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). But this is the same argument addressed by the United States District Court for the Middle District of Pennsylvania in that court's order transferring the instant matter to this court. That court found that the petition was not appropriately brought under § 2241, but was instead properly construed as a § 2255. For this reason, while recognizing that "the petition could be dismissed," the district court transferred the Petitioner's case here, as a defendant's sentencing court is the proper forum for a § 2255 motion to vacate. This Court finds, much as the magistrate judge did, that it would be inefficient to transfer this case yet again, as the Petitioner is plainly seeking relief under 28 U.S.C. § 2255, not § 2241, and as the Middle District of Pennsylvania—which, at the time, was the appropriate venue for the Petitioner's § 2241 petition—has already concluded that the Petitioner's savings clause argument is without merit. Accordingly, as the instant petition constitutes an unauthorized second or successive habeas application, the Court must dismiss the petition. The Petitioner's objections on this issue are **OVERRULED**.

The Petitioner's attempt to obtain relief by way of a writ of error coram nobis is equally unavailing. A writ of error coram nobis is a remedy of last resort, available "only where an error is 'of the most fundamental character' and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United

6

States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). In order to obtain such relief, a Petitioner must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. (internal quotation marks omitted) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "The Fourth Circuit has held that a writ of error coram nobis must be brought to the same court that convicted and sentenced the defendant." Whitley v. North Carolina, No. 5:12-HC-2016-BO, 2012 WL 8123581, at *1 (E.D.N.C. Aug. 16, 2012) (collecting cases), aff'd per curiam sub nom. Whitley v. Strada, 488 F. App'x 755 (4th Cir. 2012).

Of critical importance in this case, coram nobis relief is not available while a petitioner is still in custody. See United States v. Toolasprashad, No. 3:85-CR-45-BO-1, 2012 WL 482305, at *1 (E.D.N.C. Feb. 14, 2012), aff'd per curiam, 474 F. App'x 408 (4th Cir. 2012). For this reason, the magistrate judge recommended that this Court reject the Petitioner's coram nobis argument. The Petitioner objects to the magistrate judge's conclusion on this issue by arguing that he has not yet begun serving the consecutive sentence imposed in 3:00-CR-64, and therefore he cannot be deemed to be "in custody" pursuant to his conviction on the count charged in that case. But both the United States Supreme Court and the Fourth Circuit have held that consecutive sentences are viewed in the aggregate for purposes of determining whether a prisoner seeking relief is considered to be "in custody." See Garlotte v. Fordice, 515 U.S. 39, 43-46 (1995); Peyton v. Rowe, 391 U.S. 54, 67 (1968); Bernard v. Garaghty, 934 F.2d 52, 54 (4th Cir. 1991). Accordingly, the Petitioner remains "in custody" and he cannot sidestep the prohibition on

7

second or successive § 2255 petitions by claiming that a writ of coram nobis is appropriate in this case. His objections concerning his request for a writ of error coram nobis are **OVERRULED**.

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds no clear error with regard to the portions of the R&R to which the Petitioner did not object.

### III. Conclusion

Accordingly, the Court finds that Magistrate Judge Kaull's Report and Recommendation [ECF No. 17] should be, and is, hereby **ORDERED ADOPTED**. The Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DISMISSED** as a second or successive habeas application. The Petitioner's objections are **OVERRULED**. The Petitioner's Motion to Supplement Pleadings [ECF No. 10] and his Motion to Expedite § 2241 Proceedings [ECF No. 16] are **DENIED AS MOOT**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

Because this matter was transferred to this district for consideration under 28 U.S.C. § 2255, the Court has conducted a review to determine whether the Petitioner is entitled to a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must

show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner at his last known address as shown on the docket sheet.

**DATED:** November 18, 2015

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE